UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DENNIS HOWARD NUNLEE,

        Plaintiff,                Case No. 1:13-cv-1324

v.                                      Honorable Janet T. Neff

THOMAS COMBS et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff currently is incarcerated in the West Shoreline Correctional Facility. In 2007, Plaintiff was convicted in Oakland County of receiving and concealing stolen property with a value of $20,000 or more, and was sentenced to imprisonment of 2 to 10 years with the Michgian Department of Corrections (MDOC). Plaintiff was paroled on May 21, 2009. In August 2010, Plaintiff was indicted on a federal charge for being a felon in possession of a firearm, and ultimately was sentenced to imprisonment of 37 months with the Federal Bureau of Prisons. Plaintiff was transferred from prison on December 18, 2012, to a federal halfway house. Plaintiff's federal weapons conviction constituted a violation of Plaintiff's parole on his state conviction for receiving and concealing stolen property. As a result, on April 9, 2013, a month before Plaintiff was to complete the federal halfway-house program, the MDOC lodged a detainer to hold Plaintiff on the parole violation. Following an administrative hearing, the Michigan Parole Board issued a decision on August 1, 2013, revoking Plaintiff's parole. Plaintiff sought reconsideration of the decision, but his request was denied on October 15, 2013.

In his *pro se* complaint, Plaintiff sues MDOC Director Daniel Heyns, Warden Mary Berghuis, Michigan Parole Board Field Office Administrator Specialist Patrick Heath, and the following members of the Michigan Parole Board: Thomas Combs, Amy Bonito, Barbara Sampson, Charles Brown, Stephen DeBoer, Anthony King, Jayne Prince, Abigail Callejas, Michael Eagen, Sonia Amos-Warchock and John Doe. Plaintiff argues that Defendants violated his due process rights and Michigan law when they: (a) failed to provide a detailed, individualized written explanation for the revocation of his parole; (b) made their decision based solely on his federal felon-in-possession conviction, for which Plaintiff already had been punished; (c) denied him the

opportunity to present relevant evidence in support of his release; (d) failed to conduct a fair investigation to determine Plaintiff's eligibility for parole; and (e) denied Plaintiff's rights guaranteed under Michigan laws and rules governing parole decisions. Plaintiff further claims that Defendants extended his incarceration "maliciously and sadistically," thus violating his Eighth Amendment right against cruel and unusual punishment.

Plaintiff seeks a declaration that Defendants violated his state and federal rights. He also seeks injunctive relief, including immediate release from confinement and placement on parole status. In addition, Plaintiff seeks compensatory and punitive damages.

## Discussion

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). The principles espoused in *Heck* have been applied to § 1983 actions like Plaintiff's, challenging state parole revocation proceedings in the absence of a previous decision by a state or federal tribunal declaring the parole

revocation invalid. *See Norwoood v. MDOC*, 67 F. App'x 286, 288 (6th Cir. 2003); *Lovett v. Kinkela*, No. 98-3894, 1999 WL 644323, at *1 (6th Cir. Aug. 16, 1999); *Corsetti v. McGinnis*, No. 95-2061, 1996 WL 543684, at *1 (6th Cir. Sept. 24, 1996); *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). Plaintiff has not demonstrated the invalidity of his parole revocation by either a state court or federal habeas corpus decision. Therefore, Plaintiff fails to present a cognizable federal claim.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: __February 6, 2014__    /s/ Janet T. Neff
                               Janet T. Neff
                               United States District Judge